**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-2725-WJM-STV

BRIAN ESPINOSA,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AND THIRD CLAIMS FOR RELIEF AND
ORDER TO SHOW CAUSE CONCERNING AMOUNT IN CONTROVERSY**

---

    Before the Court is Defendant Allstate Fire and Casualty Insurance Company's Motion to Dismiss Plaintiff Brian Espinosa's Second and Third Claims for Relief ("Motion to Dismiss"), filed on October 17, 2022.  (ECF No. 9.)  As of the date of this Order, Plaintiff has not filed a response, and the time in which to do so has passed.  Also before the Court is Defendant's Status Update and Request for Ruling on Defendant's Motion to Dismiss Plaintiff's Second and Third Claims for Relief ("Status Update").  (ECF No. 14.)  Plaintiff has not filed a response to the Status Update, but the Court determines that it needs no response to resolve the pending motions.

    For the reasons explained below, the Motion to Dismiss is granted, and the Status Update is denied as moot.

## I. BACKGROUND

    On September 14, 2022, Plaintiff filed a lawsuit in the District Court for Arapahoe

County, asserting a breach of contract claim for underinsured motorist benefits following a May 2019 automobile accident, a statutory unreasonable delay/denial of benefits claim under Colorado Revised Statutes §§ 10-3-1115 & -1116, and a common law bad faith claim. (ECF No. 4.) On October 14, 2022, Defendant removed the case to the United States District Court for the District of Colorado pursuant to this Court's diversity jurisdiction. (ECF No. 1.)

On October 17, 2022, Defendant filed the Motion to Dismiss, explaining that its counsel had attempted to confer with Plaintiff's counsel on numerous occasions via telephone, voicemail, and e-mail. (ECF No. 9 at 1–2.) Despite these attempts, other than one phone call on September 28, 2022, Plaintiff's counsel did not respond to Defendant's communications.

Plaintiff's counsel entered his appearance in this case on October 31, 2022 but has filed nothing else on CM/ECF since.

On December 2, 2022, Defendant filed the Status Update, in which it reiterated its unsuccessful attempts to communicate with Plaintiff's counsel. (ECF No. 14 at 1–2.) Additionally, Defendant explains that the parties are preparing to draft their proposed Scheduling Order, but there are disputes over whether the amount in controversy is sufficient to satisfy the Court's jurisdictional threshold and the appropriate scope of discovery.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at

trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. Thus, in ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

As an initial matter, Plaintiff has failed to respond to the Motion to Dismiss at all, and on this basis alone, the Court deems the Motion to Dismiss confessed. *Peters v. Bank of Am.*, 2011 WL 1045297, at *1 (D. Colo. Mar. 21, 2011) ("Plaintiff has confessed the motion by his failure to respond at all to same, the Court GRANTS Defendant's Motion to Dismiss without prejudice pursuant to Fed. R. Civ. P. 41(b)").

Even if the Motion to Dismiss were not deemed confessed, the Court has reviewed Plaintiff's Complaint and agrees with Defendant's argument that Plaintiff's common law bad faith and statutory unreasonable delay and denial claims are due to be dismissed without prejudice under Rule 12(b)(6).  (ECF No. 9 at 4–5.)  Upon review, the Complaint alleges no specific facts to support those two claims; there are no factual allegations concerning Defendant's claim handling or what Defendant is alleged to have done wrong with respect to its handling of Plaintiff's claim.  (ECF No. 4.)  The allegations in the Complaint are conclusory statements and formulaic recitations of elements, which the Court must disregard in assessing the sufficiency of the Complaint under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 663–64.

Moreover, in the Motion to Dismiss, Defendant explains all of its efforts to negotiate Plaintiff's claim to resolution, including "nearly 30 letters in the Allstate file, as well as notes from multiple phone calls, documenting Allstate's efforts to negotiate the claim."  (ECF No. 9 at 3.)  Defendant also explains that "every letter that Allstate sent went unresponded to and, during the phone calls, Mr. Espinosa merely stated that he disagreed with Allstate's valuation and that he intended to file suit."  (*Id.*)  The Court finds that Plaintiff has had ample time to respond to the arguments Defendant raises in

the Motion to Dismiss and has chosen to remain silent. As a result, the Court dismisses Plaintiff's statutory unreasonable delay/denial claim and his common law bad faith claim without prejudice.

In light of the dismissal of these claims, the issue of whether this Court has proper diversity jurisdiction over this case—specifically as to whether the amount in controversy is sufficient under 28 U.S.C. § 1332—remains unresolved. Therefore, the Court will issue the following Order to Show Cause on this matter.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss (ECF No. 9) is GRANTED;

2. Plaintiff's statutory claim for unreasonable delay/denial and common law bad faith (Claims 2 and 3) are DISMISSED WITHOUT PREJUDICE;

3. By **December 13, 2022**, Plaintiff is ORDERED TO SHOW CAUSE as to why this case should not be dismissed for lack of subject matter jurisdiction—specifically whether he has met the amount in controversy required by 28 U.S.C. § 1332;

4. By **December 16, 2022**, Defendant is DIRECTED to reply to Plaintiff's response to the Order to Show Cause; and

5. Defendant's Status Update (ECF No. 14) is DENIED AS MOOT.

Dated this 6th day of December, 2022.

BY THE COURT:

William J. Martinez
United States District Judge